RAMÓN COLÓN-CABALLERO, Appellant, v. REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. 721. Submitted May 3, 1928.—Decided July 23, 1928.

*José E. Díaz* for the appellant. The registrar did not appear.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

On January 25, 1928, before notary José E. Díaz of Manatí a deed of forced sale was executed by the marshal of the Municipal Court of Manatí as vendor in favor of Ramón Colón Caballero as the vendee. It appears from the deed that Ramón Colón Caballero brought an action in the Municipal Court of Manatí against the heirs of José Concepción Vélez composed of his widow Juana Rodríguez and their children María, Laureana, Antonio, Victoriana, Jacinta, Jovino, Antonia and Claudio Vélez Rodríguez, and Nazario,

Lina, Eladio and Basilisa Agosto Vélez, and prayed the court for a judgment ordering the defendants to execute a deed of sale to a rural property of 23 acres of land (describing it) in the ward of Río Arriba of Manatí; that José Concepción Vélez and his wife had sold that property to Ramón Colón Caballero for five hundred dollars and bound themselves to execute the deed of sale, but José Concepción Vélez died suddenly without executing the deed and the heirs did not do so notwithstanding a demand to that effect, therefore the said action was instituted; that the defendants were summoned but failed to appear and their default was noted, whereupon, the case having been set and heard, the Municipal Court of Manatí rendered judgment ordering the defendants to execute the deed, or, if not, that it be executed for them by the marshal of the court. An order was issued directing the marshal to execute the deed and the sale was consummated for the price mentioned. The registrar refused to record the deed on the ground that the Municipal Court of Manatí had no jurisdiction to order the execution of the deed in the said action because no claim for money was involved therein; because it was not shown that the defendants were the sole heirs of Vélez or whether there were minors among them.

The appeal before us is from that decision, based on the contention that the interpretation of the words "recovery of money" is erroneous because they include any action for damages or arising on contract, according to *Floyd* v. *Blake*, N. Y. 11, and *Bravo* v. *District Court*, 34 P.R.R. 757; and as regards the second ground for the refusal the case of *Coy* v. *Registrar*, 22 P.R.R. 403, is cited.

The decision in *Bravo* v. *District Court* construes Act No. 10 of 1921 and gives the meaning of the phrase "in all civil cases to recover money involving an amount not greater than one hundred dollars." The English text of that section is copied into the decision and it is therein decided that the law includes not only cases to recover money arising from

contracts, but also those to recover money for damages to person or property.

The case of *Coy* v. *Registrar, supra,* has been cited in relation to the second part of the decision refusing the record, but we see no similarity between the facts of that case and those of the case before us. In the case of *Coy* v. *Registrar* there were heirs who voluntarily executed a deed of sale and then another deed wherein three of the interested parties acting as heirs of their sister acknowledged that the sister had sold her interests to certain persons sixteen years before the date of that acknowledgment. The record was refused as to that share and an appeal was taken therefrom.

The holdings of this court upon the jurisdiction of municipal courts in certain kinds of actions are conclusive.

In the case of *García* v. *Registrar,* 23 P.R.R. 394, the court said that a sale made by a marshal in an action against minors for the recovery of money conferred jurisdiction on the court to order the execution of the sale in compliance with its judgment rendered against the minors, but an action to compel the minors to execute a deed was something within the exclusive jurisdiction of the district court. It is true that the fundamental reason in this case is the manifest lack of jurisdiction of the municipal court and that the Legislature has prescribed that the inspection of the person and property of minors is vested in the district courts.

In *Ferraioli* v. *Registrar,* 21 P.R.R. 477, it was held that as the object of the action was to compel the defendant to apply for a declaration of heirs, the municipal court had no jurisdiction.

The doctrine in *Agüeros* v. *Registrar,* 28 P.R.R. 250, upholds the lack of jurisdiction of municipal courts of actions against minors to compel them to execute a deed of sale.

The meaning of "limited" that should be given to the jurisdiction of municipal courts is of importance here. The limitation of that jurisdiction appears from section 4 of the

Act referring to municipal courts, which appears under number 1173 of the Compilation of 1911. Jurisdiction is thereby conferred on municipal courts in civil matters in their districts to the amount of five hundred dollars, including interest. It seems clear that such jurisdiction is conferred by and for amounts or sums in money, for mention is made of interest and the idea of interest can have reference to no other kind of property than money, the only thing which produces it. Commenting on section 355 of the Spanish Civil Code, equivalent to section 362 of our Code, Scaevola has said:

"The interest on money is considered as civil fruit, according to the letter and spirit of subdivision third on which we are commenting. Mention is made therein of 'the amount of income from perpetual, life or other similar annuities.' The different cases and forms of interest on money not included in the first terms shall be included among those sought to be provided by the words 'or others similar,' referring to rents, because this word in its generic meaning expresses the very different kinds of income from capital." Scaevola, Civil Code, vol. 6, p. 278.

As regards precedents in this matter, it is opportune to say that in the Code of Civil Procedure of California section 76, amended in 1880, which defined and established the jurisdiction of superior courts in all cases in equity, in all civil actions in which the subject of litigation is not capable of pecuniary estimation, in all cases involving the title or possession of real property, or the legality of any tax, impost, in cases of proceedings in insolvency, and other civil cases, and in criminal cases amounting to felony. Section 112 of the same code determines the jurisdiction of inferior courts including the so-called "justices' courts" and in its first subdivision is to be found the limitation by reason of the amount involved, which subdivision reads as follows:

"1. In actions arising on contract for the recovery of money only if the sum claimed, exclusive of interest, does not amount to three hundred dollars."

Where property is concerned it only gives jurisdiction to those courts in regard to personalty where the value thereof is below three hundred dollars.

In Porto Rico it has been held definitely that the municipal courts are courts of limited jurisdiction. In the case of *Lebrón* v. *F. Fresno & Co. et al.,* 35 P.R.R. 640, this court said:

"A municipal court being a court of limited jurisdiction, there is no doubt that its jurisdiction can not be presumed, . . . ."

In *Marrero* v. *Registrar,* 32 P.R.R. 818, this court said:

"Municipal courts are courts of limited jurisdiction. They are not courts of record. The general jurisdiction of civil matters in first instance, save the exceptions prescribed by law, is vested in the district courts."

For the foregoing reasons the decision appealed from must be affirmed.